1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ANDRE QUINNINE,

11          Plaintiff,                    No. 2:12-cv-2491 EFB P

12          vs.

13   G. SWARTHOUT,

14          Defendant.               <u>ORDER</u>

15   _____/

16          Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

17   U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28

18   U.S.C. § 636(b)(1).  In addition to filing a complaint, plaintiff has filed an application to proceed

19   in forma pauperis.

20   **I.      Request to Proceed In Forma Pauperis**

21          Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

22   Dckt. No. 2.  Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and

23   (2).  Accordingly, by separate order, the court directs the agency having custody of plaintiff to

24   collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C.

25   § 1915(b)(1) and (2).

26   ////

1

## II.       Screening Requirement and Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Furthermore, a claim upon which the court can grant relief has facial plausibility.  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

////

////

**III.     Screening Order**

The court has reviewed plaintiff's complaint for purposes of § 1915A and finds that it must be dismissed for failure to state a claim.  Plaintiff alleges that he subscribed to a magazine but is not receiving it.  Plaintiff alleges that he has not received a response to his administrative appeal regarding this issue and seeks damages based on "gross negligence" in violation of the First and Fourteenth Amendments.  Plaintiff names Warden Swarthout as the defendant.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).   An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.  *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).  Here, plaintiff fails to allege how defendant was involved, if at all, in depriving him of his magazine subscription or otherwise violating his federal rights.

There are no constitutional requirements regarding how a grievance system is operated. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system).  To the extent plaintiff intends to impose liability against any defendant based on the handling of his administrative appeal, he fails to state a claim.

Prisoners have a First Amendment right to send and receive mail.  *See Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam).  However, an isolated incident of mail interference or tampering is usually insufficient to establish a constitutional violation.  *Davis v. Goord*, 320 F.3d 346, 351 (2d. Cir. 2003); *see also Crofton v. Roe*, 170 F.3d 957, 961 (9th Cir.

1999) (temporary delay or isolated incident of delay of mail does not violate a prisoner's First

Amendment rights); *Witherow*, 52 F.3d at 266 (9th Cir. 1995) (First Amendment not violated

where prison's mail regulation related to a legitimate penological interest).   Moreover, the right

to receive mail is subject to "substantial limitations and restrictions in order to allow prison

officials to achieve legitimate correctional goals and maintain institutional security." *Walker v.*

*Sumner*, 917 F.2d 382, 385 (9th Cir. 1990) (citations omitted).   To be constitutional, an action or

regulation restricting an inmate's ability to send or receive mail  must be "reasonably related to

legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987); *see, e.g. Mauro v.*

*Arpaio*, 188 F.3d 1054, 1058-63 (9th Cir. 1999) (en banc) (regulation that prohibits inmate's

possession of sexually explicit materials is constitutional because it is reasonably related to

legitimate penological interests); *Miller v. King Harris Publs. Magazine*, No. 1:07-cv-1152 LJO

GSA, 2008 U.S. Dist. LEXIS 16218, at *4 (E.D. Cal. Feb. 29, 2008) (failing to provide plaintiff

with a single magazine subscription does not rise to the level of a constitutional violation).

Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair

notice and state the elements of the claim plainly and succinctly.  *Jones v. Community Redev.*

*Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of

particularity overt acts which defendants engaged in that support plaintiff's claim.  *Id.*  Here,

plaintiff fails to plead sufficient facts to show that any defendant deprived him of his

constitutional rights.  Because plaintiff fails to state a claim for relief, the complaint must be

dismissed.

Plaintiff will be granted leave to file an amended complaint, if plaintiff can allege a

cognizable legal theory against a proper defendant and sufficient facts in support of that

cognizable legal theory.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)

(district courts must afford pro se litigants an opportunity to amend to correct any deficiency in

their complaints).  Should plaintiff choose to file an amended complaint, the amended complaint

shall clearly set forth the claims and allegations against each defendant.  Any amended

complaint must cure the deficiencies identified above and also adhere to the following requirements:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right.   *Johnson v. Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).   It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint.  L.R. 220.  This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Accordingly, the court hereby orders that:

1.  Plaintiff's request to proceed *in forma pauperis* (Dckt. No. 2) is granted.

2.  Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  The complaint is dismissed with leave to amend within 30 days.  The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint."  Failure to comply with this order may result in a recommendation that this action

1  be dismissed.  If plaintiff files an amended complaint stating a cognizable claim the court will

2  proceed with service of process by the United States Marshal.

3  Dated:  November 13, 2012.

4

5                                        EDMUND F. BRENNAN
                                         UNITED STATES MAGISTRATE JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26